United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10768
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBERT EDWARDS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-7-ALL
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

James Robert Edwards appeals his guilty plea conviction of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Edwards reserved in his plea agreement the right to appeal the district court's suppression ruling. The record indicates that facts relevant to Edwards's standing were not at issue when the district court considered, and denied, Edwards's motion. See United States v. Irizarry, 673 F.2d 554, 556-57 (5th Cir. 1982). Therefore, we may consider the Government's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument, raised for the first time on appeal, that Edwards lacked standing to raise a Fourth Amendment challenge.  Id.

Edwards argues that his Fourth Amendment rights were violated when officers conducted a search and that the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 2K2.1(b)(5).  A person who is aggrieved by an illegal search and seizure only though the introduction of damaging evidence secured by a search of a third person's premises or property has not had his Fourth Amendment rights infringed.  Rakas v. Illinois, 439 U.S. 128, 133 (1978).  The stipulated facts set forth in Edwards's plea agreement indicate that Edwards did not own the vehicle, and the record does not otherwise indicate that Edwards personally had an expectation of privacy in the vehicle. See United States v. Vega, 221 F.3d 789, 795 and n. 4 (5th Cir. 2000).  Therefore, Edwards lacked standing to challenge the search of the vehicle.  See id.

Regarding Edwards's challenge to the U.S.S.G. § 2K2.1(b)(5) enhancement, Edwards was an admitted purchaser and user of illegal drugs, and he admitted that he had been using illegal drugs for the last four to five days at the hotel where he was apprehended.  Additionally, pseudoephedrine (a precursor to methamphetamine), a used syringe and spoon, and methamphetamine, were found in the vehicle with the hand grenades.  Also, although Edwards later stated that he paid for the hand grenades, he originally told officers that he received methamphetamine in

exchange for agreeing to dispose of the hand grenades. Possession of one gram or less of methamphetamine is a felony under Texas law. <u>See</u> Tex. Health & Safety Code Ann. §§ 481.102, 481.115; Tex. Penal Code Ann. § 12.35. Therefore, the district court's finding that Edwards possessed the hand grenades in connection with his methamphetamine possession is plausible in light of the record as a whole. <u>See</u> <u>United States v. Condren</u>, 18 F.3d 1190, 1199-1200 (1994). The district court therefore did not clearly err when it applied the U.S.S.G. § 2K2.1(b)(5) enhancement to Edwards's sentence.

The district court's judgment is therefore AFFIRMED.